[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DEFENDANT'S MOTION FOR MODIFICATION OF ALIMONY, CHILD SUPPORT AND COUNSEL FEES (#156)
The marriage of the parties was dissolved on September 3, 1997. The parties entered into an agreement dated August 15, 1997, and a written stipulation dated September 3, 1997, approved by the court, which provided that the defendant pay to the plaintiff the sum of $5,382 per month for periodic alimony, and the sum of $2,167 per month for child support.
The defendant was terminated from his employment in October, 1999 when he received a severance package including payment of his salary through April 20, 2000.
By this motion, the defendant has moved seeking a downward modification of the existing orders. At the hearing, the defendant withdrew his request to modify his child support obligation and his request for counsel fees.
The defendant has requested relief from his alimony obligation because CT Page 13012 the termination of his employment created a substantial change in his financial circumstances.
The plaintiff has opposed this claim suggesting that the defendant either induced his being terminated from his employment or that he passively accepted being released without attempting to persuade his employer to retain him in some capacity. Alternatively, the plaintiff claims the severance package the defendant received was sufficient to enable him to continue paying alimony for several months after April, 2000 and his request for relief was premature.
Since the dissolution of the parties' marriage, the defendant inherited substantial assets from the estates and trusts of his parents. This was anticipated at the time of dissolution. The separation agreement of the parties, dated August, 1997 included the following:
Article VIII: Support and maintenance of wife provided for the payment of periodic alimony. Section 8.4 thereunder stated:
 Payments hereunder shall be non-modifiable as to term, and as to amount shall be modifiable upon the demonstration of a substantial change of circumstances, however, it is specifically agreed that receipt of any future inheritance through an estate, trust or otherwise, by either party or any payments or distributions therefrom, in cash, or in kind, including but not limited to, trustee fees or executor's fees, received in connection therewith, shall not be considered as a substantial change of circumstances, nor shall it be used as a factor in such a determination, whether taken alone or together with other factors, for purposes of modification of alimony under this article.
Section 10.3 of the agreement further provided:
 The Wife hereby specifically waives any and all claims, past, present, and future, in and to the Husband's interest in the Phillips Family Trust, and/or the Estate of his late father John M. Phillips, any stock in the Universal Paint or the proceeds from the sale thereof, and any cash value in his present life insurance.
The plaintiff strongly urges the court to conclude that since acquiring wealth through inheritance the defendant is not motivated or interested CT Page 13013 in being employed.
After considering all the evidence and hearing from the defendant, the court finds that the defendant's employment was terminated without any cooperation of the defendant. It further finds that the defendant has been making reasonable efforts to find new employment. Therefore, the defendant has sustained his burden of proof that his termination of employment is a substantial change of circumstance requiring relief.
The plaintiff's second position that the severance package the defendant received was sufficient for him to continue paying periodic alimony is rejected. Part of the severance payments included amounts for repaying the defendant for his profit sharing and stock purchase plans. The plaintiff specifically waived any claim to these plans pursuant to paragraph 10.2 of the separation agreement.
The defendant's motion is granted. Retroactive to April 20, 2000, in accordance with the stipulation of the parties, the defendant's obligation to pay periodic alimony is suspended. All other provisions of Article VIII of the separation agreement shall continue in full force and effect.
The defendant shall notify the plaintiff within one week after obtaining full time employment or regular consulting work so that this order may be reviewed.
 PLAINTIFF'S AMENDED POSTJUDGMENT MOTION FOR MODIFICATION OF CHILD SUPPORT DATED OCTOBER 28, 1999 (#165)
The plaintiff is seeking an upward modification of child support payments because of the substantial changes in the financial circumstances of the defendant and the current needs of the minor child of the parties. The child, Anthony, was born on December 30, 1994 and is presently 5 years old.
Since the dissolution of the marriage of the parties, the financial circumstances of the defendant have substantially increased due to his inheritance of substantial assets.
Article VII of the separation agreement provides for the support and maintenance of the minor child. It provides for child support payments of $2,167 per month ($504 per week). It further provides that future child support may change and modification may be appropriate. There were no restrictions against considering inherited assets or income derived from such assets when considering a modification as there were in the case of modifying alimony. CT Page 13014
The defendant's current affidavit shows monthly net income of $6,117 and states that is his income for consideration of his child support obligation. Using that figure, the defendant has computed his obligation under the child support guidelines to be $224 per week. However, he has offered to continue to pay the present agreed rate of $504 per week.
The plaintiff contends that the defendant's income is understated because of his decision to invest his assets in growth securities. For example, his approximate two million dollars in Bank of America investments pay a current return of less than 1%. Therefore, the plaintiff requests that any child support order entered take that factor into consideration as a basis of deviation from the presumptive support amount due.
The court finds that the substantial changes in the financial circumstances of the defendant merits a modification of the current order.
The child support guidelines as computed by the defendant indicate a payment of $224 per week is appropriate based on the income of the defendant as stated in his financial affidavit. However, the awarding of this amount would be inequitable in this case. A deviation is justified pursuant to Section 46b-215a-3 of the Child Support Guidelines subsection (b)(1)(A) due to the substantial assets, including both income-producing and non-income producing property now owned by the defendant.
The defendant currently has assets in excess of four million dollars. These include both income-producing and non-income producing property. These assets are capable of providing substantially more income than they presently earn. However, instead of seeking return, the defendant has elected to invest in growth stocks. A strategy that has been effective according to the testimony of the defendant. These substantial assets are available for the defendant to be used for the benefit of his son.
After considering all the evidence and the statutory criteria, including the needs of the child, the court orders that the defendant pay to the plaintiff as child support the sum of $700 per week ($3,010 per month). The payments shall be retroactive to April 20, 2000 (per stipulation of the parties) for the same term and under the same conditions set forth in the Separation Agreement of the parties. (Section 7.1).
 PLAINTIFF'S POSTJUDGMENT MOTION FOR ATTORNEYS' FEES AND COSTS (#166)
CT Page 13015
The court has reviewed the evidence, the file in this case and has considered the statutory criteria in reaching its decision.
The motion is granted. The defendant shall pay to the plaintiff the sum of $15,000 for counsel fees and costs.
So Ordered.
NOVACK, JUDGE TRIAL REFEREE